GEORGE S. CARDONA
Acting United States Attorney
WAYNE R. GROSS
Assistant United States Attorney
Chief, Southern Division
KENNETH B. JULIAN
Assistant United States Attorney
(Cal. State Bar # 149840)
    411 W. Fourth Street
    Santa Ana, California 92701
    Telephone:  (714) 338-3537
    Facsimile:  (714) 338-3708
    E-mail: kenneth.julian@usdoj.gov

Attorney for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>KILEY RYAN BOWERS,<br><br>          Defendant. | ) SA CR 06-183-AG<br>)<br>) PLEA AGREEMENT FOR DEFENDANT<br>) KILEY RYAN BOWERS PURSUANT TO<br>) FED.R.CRIM.P. 11(c)(1)(C)<br>)<br>)<br>)<br>)<br>)<br>) |

1.  This constitutes the plea agreement between KILEY RYAN BOWERS ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, or local prosecuting authorities.

                              PLEA

2.  Defendant agrees to plead guilty to Counts Three and Five of the Indictment.

1   NATURE OF THE OFFENSE

2   3.   In order for defendant to be guilty of counts Three and

3   Five of the Indictment, which charge violations of Title 18

4   U.S.C. § 2423(b): Travel With Intent To Engage In Illicit Sexual

5   Conduct and 18 U.S.C. § 2252A(a)(1): Transportation of Child

6   Pornography, the government must show the following:

7   Travel With Intent To Engage In Illicit Sexual Conduct:

8   To establish a violation of 18 U.S.C. § 2423(b), the

9   government must show: (1) defendant traveled in interstate

10   commerce, (2) for the purpose of engaging a sexual act, (3) with

11   a person under 18 years of age.

12   Transportation of Child Pornography:

13   To establish a violation of 18 U.S.C. § 2252A(a)(1), the

14   government must prove: (1) defendant knowingly transported in

15   interstate commerce by computer or other means, (2) one or more

16   images of child pornography.  Child pornography includes a visual

17   depiction of a minor engaging in sexually explicit conduct,

18   including without limitation, the lascivious exhibition of the

19   genitals or pubic area of any person.  18 U.S.C. § 2256(8)(A).

20   "Visual depiction" includes undeveloped film and video tape, and

21   data that has been stored on computer disk or data that has been

22   stored by electronic means and that is capable of conversion into

23   a visual image.

24   Defendant admits that defendant is, in fact, guilty of these

25   offenses, as described in counts Three and Five of the

26   Indictment.

27

28   2

1

PENALTIES AND RESTITUTION

2      4.   The statutory maximum sentence that the Court can impose

3 for each violation of Title 18, United States Code, Section

4 2423(b) is: 30 years imprisonment; a lifetime period of

5 supervised release; a fine of $ 250,000 or twice the gross gain

6 or gross loss resulting from the offense, whichever is greatest;

7 and a mandatory special assessment of $100.  The statutory

8 minimum sentence that the Court must impose for each violation of

9 Title 18, United States Code, Section 2252A(a)(1) is: 5 years

10 imprisonment.  The statutory maximum sentence a court can impose

11 for a violation of Section 2252A(a)(1) is 20 years imprisonment,

12 a lifetime period of supervised release; a fine of $ 250,000 or

13 twice the gross gain or gross loss resulting from the offense,

14 whichever is greatest; and a mandatory special assessment of

15 $100.

16      Therefore, the total maximum sentence for all offenses to

17 which defendant is pleading guilty is: 50 years imprisonment; a

18 lifetime period of supervised release; a fine of $500,000 or

19 twice the gross gain or gross loss resulting from the offenses,

20 whichever is greatest; and a mandatory special assessment of

21 $200.

22      5.   Supervised release is a period of time following

23 imprisonment during which defendant will be subject to various

24 restrictions and requirements.  Defendant understands that if

25 defendant violates one or more of the conditions of any

26 supervised release imposed, defendant may be returned to prison

27

28                                  3

for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6. Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

7. Defendant understands that defendant may be required to pay full restitution to the victims of the offense. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the amount of restitution is not restricted to the amounts alleged in the counts to which defendant is pleading guilty and may include losses arising from counts dismissed and charges not prosecuted pursuant to this agreement as well as all relevant conduct in connection with those counts and charges. Defendant further agrees that defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

8. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to, deportation, revocation of probation, parole, registration as a sex offender under Federal and state laws, or supervised release in another case, and suspension or revocation of a professional license.

4

1   Defendant understands that unanticipated collateral consequences
2   will not serve as grounds to withdraw defendant's guilty plea.

3                           FACTUAL BASIS

4       9.   Defendant and the USAO agree and stipulate to the
5   statement of facts attached as Attachment "A" to this plea
6   agreement, which is incorporated by reference as though set forth
7   in full.   This statement of facts includes facts sufficient to
8   support a plea of guilty to the charges described in this
9   agreement and to establish the sentencing guideline factors set
10  forth in paragraph 11 below.   It is not meant to be a complete
11  recitation of all facts relevant to the underlying criminal
12  conduct or all facts known to defendant that relate to that
13  conduct.

14              WAIVER OF CONSTITUTIONAL RIGHTS

15      10.   By pleading guilty, defendant gives up the following
16  rights:

17           a) The right to persist in a plea of not guilty.

18           b) The right to a speedy and public trial by jury.

19           c) The right to the assistance of legal counsel at
20  trial, including the right to have the Court appoint counsel for
21  defendant for the purpose of representation at trial.   (In this
22  regard, defendant understands that, despite his or her plea of
23  guilty, he or she retains the right to be represented by counsel
24  - and, if necessary, to have the court appoint counsel if
25  defendant cannot afford counsel - at every other stage of the
26  proceedings.)

27

28                              5

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses against defendant.

f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### SENTENCING FACTORS

11. Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

1    12.   Defendant and the USAO agree and stipulate to the

2  following applicable sentencing guideline factors:

3  **Count Three**:

4  Base Offense Level:            24    U.S.S.G. § 2G1.3(a)

5  Unduly Influence Minor:        2     U.S.S.G. § 2G1.3(b)(2)(B)

6  Use of a computer:             2     U.S.S.G. § 2G1.3(b)(3)

7  Sexual Contact:                2     U.S.S.G. § 2G1.3(b)(4)

8                   Total:        30

9  **Count Five**:

10  Base Offense Level:           22    U.S.S.G. § 2G2.2(a)(1)(A)

11  Pattern of activity re
    sexual abuse/exploitation
12  of minor:                     5     U.S.S.G. § 2G2.2(b)(5)

13  Use of a computer:            2     U.S.S.G. § 2G2.2(b)(6)

14  At least 150 images,
    but fewer than 300:           3     U.S.S.G. § 2G2.2(b)(7)
15
                     Total:       32
16
    **Multiple Count Adjustment**:
17
    Count 3 (offense level 30):   1 unit  U.S.S.G. § 3D1.4
18  Count 5 (offense level 30):   1 unit  U.S.S.G. § 3D1.4

19  Total Units:   2

20  Highest Offense Level:        32
    Increase in Offense Level:    2
21
    Combined Offense Level:       34
22  Responsibility Acceptance:    -3    U.S.S.G. § 3E1.1

23  Total Offense Level:          31
    Criminal History Category:    I
24  Guideline Range:              108-135

25      The parties agree not to seek, argue, or suggest that any

26  other specific offense characteristics, adjustments, departures

27  or variances be imposed.

28
                                   7

13. Defendant and the USAO agree that an appropriate disposition of this case is that the court impose a sentence of 108 months imprisonment; 6 years supervised release with conditions to be fixed by the Court; and $200 special assessment. The parties agree that the court may order restitution and, if ordered, restitution is to be paid pursuant to a schedule to be fixed by the Court. Supervised release terms shall include:

a. Standard conditions set forth in district court General Orders 318 and 01-05; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7);

b. Defendant shall use only those computers, computer-related devices, screen/user names, passwords, e-mail accounts, and Internet Service Providers (ISPs) as approved by the Probation Officer. Computer and computer-related devices include, but are not limited to, personal computers, personal data assistants (PDAs), Internet appliances, electronic games, and cellular telephones, as well as peripheral equipment, that can access, or can be modified to access, the Internet, electronic bulletin boards, other computers, or similar media.

c. All computers, computer-related devices, computer storage media, and peripheral equipment used by defendant shall be subject to search and seizure, and subject to the installation of search and/or monitoring software and/or hardware, including unannounced seizure for the purpose of search. Defendant shall not shall defendant hide or encrypt files or data without written approval of the probation officer. Further, defendant shall, as

8

1 requested by the Probation Officer, provide all billing records,
2 including  telephone, cable, Internet, satellite, and similar
3 records.

4       d.   Defendant shall register with the state sex
5 offender registration agency in any state where the defendant
6 resides, is employed or is a student, as directed by the
7 Probation Officer.  The defendant shall provide proof of
8 registration to the Probation Officer within five days of release
9 from imprisonment.

10       e.   Defendant shall not possess any materials,
11 including pictures, photographs, books, writings, drawings,
12 videos, or video games, depicting and/or describing child
13 pornography, as defined in 18 U.S.C. 2256(8).

14       f.   Defendant shall not contact the victims, by any
15 means, including in person, by mail or electronic means, or via
16 third parties.

17     14.  The Court will determine the facts and calculations
18 relevant to sentencing and decide whether to agree to be bound by
19 this agreement.  Both defendant and the USAO are free to: (a)
20 supplement the facts by supplying relevant information to the
21 United States Probation Office and the Court, and (b) correct any
22 and all factual misstatements relating to the calculation of the
23 sentence.

24     15.  Defendant understands and agrees that this agreement is
25 entered into pursuant to Federal Rule of Criminal Procedure
26 11(c)(1)(C).  So long as defendant does not breach the agreement,
27 defendant may withdraw from this agreement and render it null and

28

1  void if the Court refuses to be bound by this agreement.  The
2  USAO may, in its discretion, withdraw from this agreement and
3  render it null and void if the defendant breaches this agreement
4  or the Court refuses to be bound by this agreement.

5                    DEFENDANT'S OBLIGATIONS

6       16.  Defendant agrees that he or she will:

7            a) Plead guilty as set forth in this agreement.

8            b) Not knowingly and willfully fail to abide by all
9  sentencing stipulations contained in this agreement.

10            c) Not knowingly and willfully fail to: (i) appear as
11  ordered for all court appearances, (ii) surrender as ordered for
12  service of sentence, (iii) obey all conditions of any bond, and
13  (iv) obey any other ongoing court order in this matter.

14            d) Not commit any crime; however, offenses which would
15  be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are
16  not within the scope of this agreement.

17            e) Not knowingly and willfully fail to be truthful at
18  all times with Pretrial Services, the U.S. Probation Office, and
19  the Court.

20            f) Pay the applicable special assessments at or before
21  the time of sentencing unless defendant lacks the ability to pay.

22                    THE USAO'S OBLIGATIONS

23       17.  If defendant complies fully with all defendant's
24  obligations under this agreement, the USAO agrees:

25            a) To abide by all sentencing stipulations contained in
26  this agreement.

27

28
                              10

b) At the time of sentencing to move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, and the propriety and extent of any departure from that range.

<u>BREACH OF AGREEMENT</u>

18.  If defendant, at any time between the execution of this agreement and defendant's sentencing on a non-custodial sentence or surrender for service on a custodial sentence, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, defendant will not be able to withdraw defendant's guilty pleas, and the USAO will be relieved of all of its obligations under the agreement.

19.  Following a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that the applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

b) Defendant gives up all defenses based on the statute of limitations, any claim of preindictment delay, or any speedy

trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing of this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; ii) the stipulated factual basis statement in this agreement; and iii) any evidence derived from such statements, are admissible against defendant in any future prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

20.  Defendant gives up the right to appeal any sentence imposed by the Court, provided that the sentence is that agreed to in paragraphs 12 and 13 above.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or a retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant retains the ability to appeal any restitution order and the conditions of supervised release imposed by the court, except the following:

12

1        a.   Standard conditions set forth in district court

2   General Orders 318 and 01-05; the drug testing conditions

3   mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and

4   drug use conditions authorized by 18 U.S.C. § 3563(b)(7);

5        b.   Defendant shall use only those computers,

6   computer-related devices, screen/user names, passwords, e-mail

7   accounts, and Internet Service Providers (ISPs) as approved by

8   the Probation Officer.  Computer and computer-related devices

9   include, but are not limited to, personal computers, personal

10  data assistants (PDAs), Internet appliances, electronic games,

11  and cellular telephones, as well as peripheral equipment, that

12  can access, or can be modified to access, the Internet,

13  electronic bulletin boards, other computers, or similar media.

14       c.   All computers, computer-related devices, computer

15  storage media, and  peripheral equipment used by defendant shall

16  be subject to search and seizure, and subject to the installation

17  of search and/or monitoring software and/or hardware, including

18  unannounced seizure for the purpose of search.  Defendant shall

19  not, without the prior written approval of the Probation Officer,

20  hide or encrypt files or data.  Further, defendant shall, as

21  requested by the Probation Officer, provide all billing records,

22  including  telephone, cable, Internet, satellite, and similar

23  records.

24       d.  Defendant shall register with the state sex

25  offender registration agency in any state where the defendant

26  resides, is employed or is a student, as directed by the

27  Probation Officer.  The defendant shall provide proof of

28

registration to the Probation Officer within five days of release from imprisonment.

e.   Defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. 2256(8).

f.   Defendant shall not contact the victims, by any means, including in person, by mail or electronic means, or via third parties.

21.   The USAO gives up its right to appeal any sentence imposed by the Court, including any order of restitution, provided that the sentence is that agreed to in paragraphs 12 and 13 above.

<u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

22.   Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining counts of conviction, with both the USAO and defendant being released from all of their obligations under this agreement, or (c) leave defendant's remaining convictions, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

1

<u>COURT NOT A PARTY</u>

2    23.  The Court is not a party to this agreement and need not

3 accept any of the USAO's sentencing recommendations or the

4 parties' stipulations.

5

<u>NO ADDITIONAL AGREEMENTS</u>

6    24.  Except as set forth herein, there are no promises,

7 understandings or agreements between the USAO and defendant or

8 defendant's counsel.  Nor may any additional agreement,

9 understanding or condition be entered into unless in a writing

10 signed by all parties or on the record in court.

11

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

12    25.  The parties agree and stipulate that this Agreement

13 will be considered part of the record of defendant's guilty plea

14 hearing as if the entire Agreement had been read into the record

15 of the proceeding.

16    This agreement is effective upon signature by defendant and

17 an Assistant United States Attorney.

18 AGREED AND ACCEPTED

19 UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

20

GEORGE S. CARDONA
21 Acting United States Attorney

22

23    K Nul                          3-27-07
                                      _____
24 KENNETH B. JULIAN                     Date
Assistant United States Attorney

25

26

27

28
                              15

1    I have read this agreement and carefully discussed every
2    part of it with my attorney.  I understand the terms of this
3    agreement, and I voluntarily agree to those terms.  My attorney
4    has advised me of my rights, of possible defenses, of the
5    Sentencing Guideline provisions, and of the consequences of
6    entering into this agreement.  No promises or inducements have
7    been made to me other than those contained in this agreement.  No
8    one has threatened or forced me in any way to enter into this
9    agreement.  Finally, I am satisfied with the representation of my
10   attorney in this matter.

11
12                                              3/18/7
13   KILEY RYAN BOWERS                          Date
     Defendant
14

15   I am KILEY RYAN BOWERS' attorney.  I have carefully
16   discussed every part of this agreement with my client.  Further,
17   I have fully advised my client of his rights, of possible
18   defenses, of the Sentencing Guidelines' provisions, and of the
19   consequences of entering into this agreement.  To my knowledge,
20   my client's decision to enter into this agreement is an informed
21   and voluntary one.
22

23
24   GRAIG WILKE  Anne Hwang                    3/18/0.
     Counsel for Defendant                      Date
25   KILEY RYAN BOWERS

26

27

28
                                16

ATTACHMENT "A"

From in or about mid-2005 through May 2006, defendant Kiley Ryan Bowers ("defendant"), a male resident of Texas, communicated with a 15 year-old female (the "minor") through e-mails, instant messaging, and   video over the internet.  Defendant's communications with the minor included sexually explicit electronic communications.

On or about December 9, 2005, defendant traveled to California from Texas, with one of his purposes being to have sex with the minor.  At the time, defendant was 28 years of age and he knew the minor was under 18 years of age.  Defendant picked the minor up near her home and engaged in illicit sexual conduct with the minor.   Defendant returned to Texas a few days later.  Thereafter, defendant continued to engage in sexually explicit electronic communications with the minor.

On or about February 17, 2006, defendant caused an image of child pornography to be transported over the internet via computer between California and Texas.  The image consisted of a lascivious exhibition of the minor's genital area.  At the defendant's request, the image was transmitted over the internet by the minor from her computer in California to defendant on his computer in Texas.  Defendant stored the child pornography images on two video clips consisting of 150 images under U.S.S.G. § 2G2.2, application note 4(B)(ii).

In approximately May 2006, defendant ended the relationship with the minor.  On July 17, 2006, the minor committed suicide.  The minor left a suicide note suggesting that defendant was partially responsible for causing her suicide.

On July 19, 2006, FBI agents interviewed defendant in Texas.  During this interview, defendant falsely denied taking the minor to a hotel room in Lake Forest, California, for the purpose of having sex with her.

On July 20, 2006, FBI agents traveled from California to Texas to re interview defendant.  During this interview, defendant admitted that he traveled to California from Texas, with one of his purposes being to attempt to have sex with the minor, that the he got the hotel room for that purpose, and that he knew it was wrong because he knew she was under 18.